# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 19-1147M
SILVER DODGE JOURNEY BEARING VIN: )
5N1AL0MM8DC344264 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the ____Eastern____ District of ____Pennsylvania____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC § 922(a)(1); | Dealing in firearms without a license; Felon in possession of a firearm; Possession |
| 18 USC § 922(g)(1); | with intent to distribute cocaine base. |
| 21 USC §841(a)(1). | |

The application is based on these facts:

See attached affidavit of Special Agent Alan Gilmore.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

ALAN GILMORE, SPECIAL AGENT, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/3/19

*Judge's signature*

City and state: Philadelphia, Pennsylvania    HONORABLE MARILYN HEFFLEY, U.S.M.J.
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF SILVER DODGE JOURNEY BEARING VIN: 5N1AL0MM8DC344264 | Magistrate No. 19-1147 M |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Alan B. Gilmore, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant for the following: a silver Dodge Journey, PA registration, VIN: 5N1AL0MM8DC344264 ("Subject Vehicle"), last in the possession of Eliegh GRAY, and currently in the lawful custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in secured parking lot at 200 Chestnut Street in Philadelphia, Pennsylvania.

2. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since January 2017. Prior to joining ATF, I was employed as a Detective and Police Officer with the Philadelphia Police Department for approximately five years. I am currently assigned to a specialized enforcement group, the ATF Firearms Trafficking Group, whose primary mission is to investigate those individuals and groups that are engaged in the commission of diverting firearms to the illegal firearms market. During my tenure as an ATF agent, I have conducted and participated in investigations, which have resulted in the arrest and prosecution of individuals who have committed violations of federal law, including firearms offenses and narcotics trafficking.

1

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts set forth in this affidavit, I submit that probable cause exists to search the property described in Attachment A for the items described in Attachment B, all of which is evidence of the specified offenses described below.

## PROBABLE CAUSE

5. Since approximately October of 2018, I have been investigating a suspected firearms trafficking scheme involving the illegal trafficking of firearms and narcotics in Philadelphia, Pennsylvania. To summarize, between October 2018 and June 21, 2019 the Government had numerous contacts with Defendant GRAY via text messages from (267)-370-2277 (Target Number) a number associated with Defendant GRAY. These contacts resulted in purchases of contraband by an ATF Task Force Officer (TFO) acting in an undercover capacity and ultimately the arrest of GRAY by ATF and the seizure of the Device.

6. On December 4, 2018, an ATF Task Force Officer (TFO), acting in an undercover capacity, purchased approximately 54.333 grams of crack cocaine from GRAY in Philadelphia, Pennsylvania. A lab analysis confirmed that the substance purchased from GRAY was approximately 54.333 grams of crack cocaine.

7. On December 13, 2018, the ATF TFO, acting in an undercover capacity, purchased approximately 56.193 grams of crack cocaine from GRAY in Philadelphia, Pennsylvania. A lab analysis confirmed that the substance purchased from GRAY was approximately 56.193 grams of crack cocaine.

8. Between June 9, 2019, and June 20, 2019, GRAY and the ATF TFO exchanged text messages from the Target Number regarding a firearm, a Glock model 22 .40 caliber pistol, which GRAY had for sale. During these exchanges, the TFO and GRAY agreed upon a price of $900 for the firearm, as well as a price of $2,400 for two ounces of crack cocaine to be delivered on June 21, 2019, in Philadelphia, Pennsylvania—for a total of $3,300. Later, GRAY provided a $100 discount for the crack cocaine making the total for the two items $3,200.

9. On June 21, 2019, GRAY met the TFO near 3720 Main Street, Philadelphia, Pennsylvania. GRAY arrived in a silver Dodge Journey, Pennsylvania Registration KTK5530, Vehicle Identification Number 5N1AL0MM8DC344264. After sitting in his silver Dodge for a short time, GRAY got out and entered the TFO's vehicle. GRAY and the TFO spoke for some time, including by discussing firearms generally. During the course of that conversation, GRAY stated that, in effect, he "always carries" a firearm.

10. During this discussion, GRAY also told the TFO that he had the crack cocaine on him for the sale, but someone else would be bringing the Glock pistol to the sale.

11. GRAY provided the TFO with approximately 56.4 grams of crack cocaine, which field testing later confirmed was crack cocaine.

12. During this meeting, GRAY was observed sending text messages to an unknown person using what appeared to be a red Apple iPhone. GRAY then placed a phone call to another unknown person whom he directed to "pull up" using what appeared to be a red Apple iPhone.

13. Shortly thereafter, another person ("Person 2") arrived near the TFO's vehicle in an SUV. Person 2 went to the SUV's trunk and retrieved a black bag. He then got inside of the rear passenger seat of the TFO's vehicle.

14. Person 2 provided the TFO with a Glock model 22 .40 caliber semi-automatic pistol bearing serial number: CDS783US.

15. The TFO provided GRAY with approximately $500 in pre-recorded buy money towards the purchase of the firearm and for the two ounces of crack cocaine from GRAY.

16. The TFO then left his vehicle, stating that he would get the remaining $2,700 from the trunk of his vehicle (in order to provide it to GRAY).

17. Shortly thereafter, ATF Agents arrested GRAY. In GRAY's possession was a Red Apple iPhone as well as $500 in pre-recorded buy money provided to him by the ATF TFO during the sale. A NIK G field test was conducted on the narcotics provided by GRAY to the TFO yielded a positive result.

18. GRAY's silver Dodge Journey, Pennsylvania Registration KTK5530, Vehicle Identification Number 5N1AL0MM8DC344264, was secured and transported to ATF headquarters in Philadelphia where it remains in a secured parking lot. A records check on the tag displayed on the vehicle (KTK5530) returned "no data." A records check of the VIN number revealed that the car is (or in the past was) owned by a holding company known to be associated with Avis Car Rental.

19. On June 21, 2019, a United States Magistrate Judge in this District, the Honorable Elizabeth T. Hey, approved a criminal complaint upon a finding of probable cause charging Eliegh Gray with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) for his conduct on June 21, 2019, and possession with the intent to deliver 28 grams or more of cocaine base ("crack cocaine") under 21 U.S.C § 841 (a)(1), (b)(1)(b), for his conduct on December 4 and December 13, 2018. In addition to those crimes that probable cause was already established, this affidavit also establishes probable cause that on June 21, 2019, GRAY acted as an

4

unlicensed firearms dealer under 18 U.S.C. § 922(a)(1)(A), and on that same date GRAY possessed with the intent to deliver 28 grams or more of crack cocaine under 21 U.S.C § 841 (a)(1), (b)(1)(b).

20. ATF records reveal GRAY is not licensed to deal, import or manufacture firearms and thus is prohibited from doing so under 18 U.S.C. § 922(a)(1)(A).

21. Based on my training and experience and knowledge gained from conducting firearms trafficking investigations, I know it is common for firearms traffickers who deal in large amounts of firearms to keep gun boxes and occasionally the sales receipts inside. Typically, as in this investigation, only the actual firearms are sold. The gun boxes, firearms sales receipts, business cards, and other items are left behind, often in the trafficker's and straw purchases residences or vehicles.

22. Based on my training and experience and knowledge gained from conducting narcotics trafficking investigations, I know that it is common for narcotics traffickers to communicate with their customers via cellular telephone, whether by phone call, text message, or other means including, but not limited to, video-call apps such as FaceTime. I know that it is common for narcotics traffickers to communicate with customers before and after a sale, both to complete the sale and initiate future business. I know that narcotics traffickers often complete multiple narcotics transactions to different customers in a single day, often utilizing their vehicle. As such, it is common for narcotics traffickers to utilize their vehicle to transport additional narcotics, money, firearms, and other narcotics distribution devices including, but not limited to, narcotics packaging and digital scales for weighting narcotics prior to sale. I also know that narcotics traffickers will often keep records related to their trafficking activities in secure locations, including their home and/or vehicle.

## **CONCLUSION**

23. For the foregoing reasons, I submit that probable cause exists to search the property described in Attachment A for the items described in Attachment B, all of which is evidence of the specified offenses.

ATF

Alan Gilmore, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to and subscribed
before me this 3
day of July

HONORABLE MARILYN HEFFLEY
United States Magistrate Judge

6

## ATTACHMENT A

Description of Property to be Searched

A silver Dodge Journey, Pennsylvania Registration KTK5530, bearing Vehicle Identification Number 5N1AL0MM8DC344264, last in the possession of Eliegh GRAY on June 21, 2019, and currently in the lawful custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in a secured parking lot at 200 Chestnut Street in Philadelphia, Pennsylvania.

## **ATTACHMENT B**

### Items to be searched for and seized

Any items or materials constituting evidence, fruits, proceeds, and/or instrumentalities of violations of 18 U.S.C. § 922(a)(1)(A) (dealing firearms without a license), 18 U.S.C. § 922(g)(1) (possession of a firearm by a prohibited person), 21 U.S.C § 841 (a)(1), (b)(1)(B) (possession with the intent to deliver cocaine base), including:

1. Books, records, receipts, notes, ledgers and other papers relating to the acquisition, possession, concealment, transportation, or disposition of firearms or narcotics;

2. Records reflecting customer names, contacts, addresses and/or telephone numbers relating to the acquisition, possession, concealment, transportation, or disposition of firearms or narcotics;

3. Financial records, invoices, and/or receipts relating to the acquisition, possession, concealment, transportation, or disposition of firearms or narcotics;

4. Periodicals, books, and/or literature relating to the value, type, acquisition, possession, concealment, transportation, or disposition of firearms or narcotics;

5. Firearms, ammunition, firearm frames or receivers, silencers, firearms components, or firearms paraphernalia;

6. Material related to Federal Firearms Licensees or other sources of the acquisition of a firearm, such as names, addresses, directions, internet printouts, inventories, online searches of firearms for sale, boxes, bags, or other items used to store or conceal firearms for transportation.

7. Narcotics and narcotics paraphernalia including, narcotics packaging, scales, pipes, grinders, and other items utilized for the processing, packaging, distribution, concealment, and sale of narcotics;

8. United States currency and/or other material constituting the proceeds of firearms or narcotics sales;

9. Indicia of use and/or ownership of the vehicle;

10. Trace evidence such as fingerprints, DNA evidence, fibers, etc.;

11. Ledgers, receipts, credit cards, forms of identification, and indicia of ownership or occupancy; and

12. Cellular telephones, computers, iPads, digital media storage devices, Global Positioning Systems (GPS) or other navigation devices, or other computer-related items.[1]

---

[1] Under the search and seizure warrant, the government only has the authority to *seize* these electronic items.